**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| Navico, Inc. and Navico Holding AS,<br><br>Plaintiffs,<br><br>v.<br><br>Garmin International, Inc. and Garmin USA, Inc.,<br><br>Defendants. | Civil Action No.:2:16-cv-190<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Navico, Inc. and Navico Holding AS (collectively, "Navico") hereby file this Complaint against Garmin International, Inc. and Garmin USA, Inc. (collectively, "Garmin"), and allege on personal knowledge as to Navico's actions, and upon information and belief as to the actions of others, as follows:

**NATURE OF ACTION**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**THE PARTIES**

2. Navico, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4500 South 129th East Avenue, Suite 200, Tulsa, Oklahoma 74134.

3. Navico Holding AS is a corporation organized and existing under the laws of Norway, with its principal place of business at Nyåskaiveien 2, 4370 Egersund, Norway.

4. Garmin International, Inc. is a company organized and existing under the laws of the State of Kansas, having a principal place of business at 1200 East 121st Street, Olathe,

Kansas 66062.  Garmin International, Inc. maintains a registered agent in Texas at the following address: National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

5. Garmin USA, Inc. is a company organized and existing under the laws of the State of Kansas, having a principal place of business at 1200 East 121st Street, Olathe, Kansas 66062.  Garmin USA, Inc. maintains a registered agent in Texas at the following address: National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

6. Garmin International, Inc. and Garmin USA, Inc. are wholly owned subsidiaries of Garmin Ltd., a Swiss corporation whose shares are publicly traded on the NASDAQ stock exchange.

7. Upon information and belief, Garmin International, Inc. imports all or a substantial portion of the Accused Products (defined below) and offers for sale and sells those products to customers nationwide including in this District.

8. Upon information and belief, Garmin USA, Inc., among other things, is engaged in the offer for sale and sale of the Accused Products to customers nationwide including in this District.  Garmin USA maintains a network of authorized dealers, and Garmin's authorized dealers of its marine electronics products have dozens of locations of within this District.

## JURISDICTION AND VENUE

9. This action arises under the Patent Act, Title 35 of the United States Code, and is an action for patent infringement under 35 U.S.C. § 271.

10. This Court has subject-matter jurisdiction over this action on at least the following grounds:

   a. 28 U.S.C. §§ 1331, this being a civil action arising under the laws of the United States; and

   b. 28 U.S.C. § 1338(a), this being a civil action arising under the Patent Laws of the United States, namely, 35 U.S.C. § 1, *et seq*.

11. This Court has personal jurisdiction over Garmin inasmuch as Garmin is doing business in this State, is licensed to conduct business in this State, has significant contacts with

this State, has offered for sale and sold infringing products in this State, maintains sales representatives in this State, has purposefully shipped or caused to be shipped infringing products into this State through established distributions channels, and has committed acts in this State that are the subject of the claims set forth herein.

12. Venue is proper in this District under the provisions of 28 U.S.C. §§ 1391(b)-(c) and 1400(b) insofar as Garmin has, among other things, committed acts of patent infringement in this District.

## THE ASSERTED PATENTS

13. This complaint is based on Garmin's infringement of two patents: United States Patent Nos. 9,223,022 ("the '022 Patent") and 9,244,168 ("the '168 Patent") (collectively "the Asserted Patents").

14. On December 29, 2015, the '022 Patent duly and legally issued for an invention entitled, "Linear and Circular Downscan Imaging Sonar." Navico Holding AS is the owner and assignee of the '022 Patent, and Navico, Inc. is the exclusive licensee of the '022 Patent. Together, Navico owns all right, title, and interest in and to the '022 Patent. A true and correct copy of the '022 Patent is attached hereto as Exhibit A.

15. The '022 Patent is directed to, *inter alia*, a sonar apparatus for imaging an underwater environment beneath a watercraft, a sonar system for imaging an underwater environment beneath a watercraft, and a method for imaging an underwater environment beneath a watercraft. *See generally* Exhibit A, claims.

16. On January 26, 2016, the '168 Patent duly and legally issued for an invention entitled, "Sonar System Using Frequency Bursts." Navico Holding AS is the owner and assignee of the '168 Patent, and Navico, Inc. is the exclusive licensee of the '168 Patent. Together, Navico owns all right, title, and interest in and to the '168 Patent. A true and correct copy of the '168 Patent is attached hereto as Exhibit B.

17. The '168 Patent is directed to, *inter alia*, a sonar system for a vessel configured to travel along a surface of a body of water, a transducer assembly mountable to a vessel configured

to travel along a surface of a body of water, a method for displaying images of areas of water underneath a vessel configured to travel along a surface of a body of water, and a sonar system for a watercraft configured to travel on a surface of a body of water.  *See generally* Exhibit B, claims.

## BACKGROUND

18. Navico, Inc. was founded in March 2006 and is the U.S. domiciled business entity of one of the world's largest manufacturers of marine sonar equipment.  Navico, Inc. manufactures and markets products under the Lowrance, B&G, Simrad, GoFree, and MX Marine brands of marine electronics.

19. The Lowrance brand was originated by Lowrance Electronics, Inc., which has been a leader in marine electronics since it invented the first consumer marine sonar device in 1957.  By November 1959, Lowrance Electronics, Inc. had designed and introduced the world's first high frequency transistorized marine sonar for sport fishing and boating.  This portable sonar unit became the most popular sonar in the world, and Lowrance Electronics, Inc. produced more than a million units between 1959 and 1984.

20. In 1965, based on its research and development, Lowrance Electronics, Inc. introduced the first marine sonars and transducers capable of high-speed performance.  Over the next several decades, Lowrance Electronics, Inc. continued to develop and introduce sonar and radar units, fish finders, mapping products, GPS devices, software tools, and a variety of other products and accessories that have revolutionized marine electronics.

21. In 2006, Lowrance Electronics, Inc. and Simrad Yachting merged to form Navico, Inc.

22. Research is one of the keys to Navico, Inc.'s success and provides the necessary cornerstone for its cutting-edge products.  In 2008, Navico, Inc. introduced the first High Definition System ("HDS") Multifunction Display.  Navico, Inc. has since continued to launch new award-winning products bearing features that redefine marine electronics, including

StructureScan® HD with sidescan and DownScan Imaging™, broadband sonar, Trackback™ review, Broadband 4G Radar, and StructureMap™.

23. Early marine sonar imaging systems, such as fish finders utilizing broadband sonar, generated images that helped locate fish but did not provide a clear view of underwater topography or structure, such as sunken trees or rocks. Navico's DownScan Imaging™ sonar technology, by contrast, raised the bar in fish and structure-finding technology by providing greater target and bottom definition with improved clarity and detail. This new technology has proven to be particularly adept at generating sharp, picture-like images.

24. Beginning in 2008, Navico developed its DownScan Imaging™ technology, designed to generate near picture-perfect images of structure, fish, and bottom contours located directly beneath the boat. By about July 2009, Navico began filing patent applications to protect its DownScan Imaging™ innovations.

25. Navico has invested significant resources to the development, testing, product support, repair, and service of its product lines. These expenditures and efforts demonstrate Navico's commitment to bringing state-of-the-art marine sonar equipment to U.S. consumers.

26. Navico Holding AS is the holding company for the company's legal entities, and owns the entire right, title, and interest to the Asserted Patents. Navico Holding AS houses the head office functions and is the global manager of research and development activities, enabling use of common design and technical platforms and the most efficient use of available resources.

27. Following Navico's lead, Garmin developed marine sonar imaging devices that incorporate, without authorization, certain of Navico's technologies as set forth and claimed in the Asserted Patents. Garmin generally advertises these products as containing DownVü or ClearVü (having both DownVü and SideVü).

28. Garmin's Accused Products fall into the categories of products, or portions of products, that are generally referred to by Garmin as fishfinders, fishfinders/GPS combos, chartplotter/sonar combos, transducers, and/or sonar modules. In operation, these products generally include a head unit that has a display, electronics that are located either in the head unit

or a sonar module, and a transducer that includes a linear transducer element and a circular transducer element.  Upon information and belief, Garmin's current versions of the Accused Products are found in Garmin's 2016 Marine Catalog (attached as Exhibit C) and on Garmin's website (www.garmin.com).

29. The Accused Products incorporate, among other features, a linear downscan transducer element and a second downscan transducer element as claimed in the '022 Patent.

30. The Accused Products incorporate, among other features, a linear transducer element and a circular transducer element as claimed in the '168 Patent.

31. Garmin advertises DownVü using an image of a fan-shaped sonar beam, stating that DownVü "gives you a clearer picture of what's below your boat."  Exhibit C, at 9.

32. Navico and Garmin have litigated the issue of Garmin's infringement of certain other Navico patents by prior versions of Garmin products having DownVü.  In one of the litigations, International Trade Commission ("ITC") Investigation No. 337-TA-921, *Certain Marine Sonar Imaging Devices, Including Downscan and Sidescan Devices, Products Containing the Same, and Components Thereof* ("the 921 Investigation"), the ITC found that Garmin infringed two Navico patents, *i.e.*, U.S. Patent Nos. 8,305,840 and 8,605,550.

33. In a second litigation, *Navico, Inc. v. Garmin International, Inc.*, Dkt. No. 14-CV-0303 (N.D. Okla.), Navico and Garmin litigated these issues.  On January 15, 2016, the district court stayed the litigation pending resolution of appeals to the United States Court of Appeals for the Federal Circuit in connection with the 921 Investigation.

34. Upon information and belief, following the hearing in the 921 Investigation, and in anticipation of a finding of infringement, Garmin undertook efforts to slightly modify the positioning of the linear transducer element used in Garmin's DownVü products.  The modification involved only one change, namely, changing the orientation of the linear transducer element from straight down to an orientation that is rotated 16 degrees off of straight down.  Garmin refers to this linear transducer element design as the "tilt design."

35.     Upon information and belief, Garmin includes a linear transducer element having the tilt design in at least the following products listed in Garmin's 2016 Marine Catalog: the Striker dv series (including specifically the Striker 4dv), the Striker 7sv, the echoMAP CHIRP dv series, echoMAP CHIRP sv series, the GPSMAP xs series, the GPSMAP xsv series, and the GSD 25 sonar module.  *See* Exhibit C, pages 9 and 36-44.  Except for the GSD25 sonar module, these products use, *inter alia*, a head unit and a transducer with a linear transducer element as well as a second, circular transducer element.

36.     The linear transducer element is configured to create a fan-shaped beam at a first frequency.  The second, circular transducer element is configured to project a conical sonar beam at a second frequency.

37.     The linear transducer element and the circular transducer element are electrically connected together and connected to a signal transmitter.  Upon information and belief, the signal transmitter is configured to transmit a signal at a first frequency and/or a second frequency.

38.     Garmin instructs users of the Accused Products how to use the products.  Garmin does so in both the owner's manual and in the installation instructions that Garmin provides with each of the Accused Products.

## CLAIM 1 – INFRINGEMENT OF U.S. PATENT NO. 9,223,022

39.     The allegations contained in Paragraphs 1 through 38 above are incorporated herein by reference.

40.     Upon information and belief, Garmin, without authority from the patent holder, directly infringes the '022 Patent literally and/or under the doctrine of equivalents within the prohibitions of at least 35 U.S.C. § 271(a), including, but not limited to, independent Claim 1, and continues to do so by having made, used, offered to sell, sold, and/or imported into the United States the Accused Products.

41.     Upon information and belief, Garmin induces infringement of the '022 Patent within the prohibitions of at least 35 U.S.C. § 271(b), including, but not limited to, independent

Claim 1 and continues to do so.  Upon information and belief, Garmin has been on notice of the '022 Patent prior to the filing of this complaint.  Upon information and belief, Garmin has known, or willfully blinded itself to knowing, that providing instructions to its customers about use of the Accused Products would result, and has resulted, in Garmin's customers directly infringing the '022 Patent.  Further, upon information and belief, Garmin encourages and facilitates infringement of the '022 Patent by offering and distributing instructions with the Accused Products that encourage using the Accused Products in an infringing manner.

42.     Upon information and belief, Garmin contributorily infringes the '022 Patent within the prohibitions of at least 35 U.S.C. § 271(c), including, but not limited to, independent Claim 1 and continues to do so.  Among other components of the Accused Products, the linear transducer element with the tilt design constitutes a material part of the invention claimed in the '022 Patent, has no substantial non-infringing uses, and, upon information and belief, is known by Garmin to be especially made or especially adapted for use in infringement of the '022 Patent.  Thus, upon information and belief, Garmin has contributed to and continues to contribute to direct infringement of the '022 Patent by Garmin's customers.

43.     Upon information and belief, Garmin's infringement of the '022 Patent has been willful and deliberate, despite an objectively high likelihood that its actions constitute infringement of the '022 Patent.

44.     Navico has been and will continue to be damaged and irreparably injured unless this Court enjoins Garmin's infringing activities.  As a result Navico is entitled to preliminary and permanent injunctive relief as deemed fair and equitable by the court.

## CLAIM 2 – INFRINGEMENT OF U.S. PATENT NO. 9,244,168

45.     The allegations contained in Paragraphs 1 through 44 above are incorporated herein by reference.

46.     Upon information and belief, Garmin, without authority from the patent holder, directly infringes the '168 Patent literally and/or under the doctrine of equivalents within the prohibitions of at least 35 U.S.C. § 271(a), including, but not limited to, independent Claim 1,

and continues to do so by having made, used, offered to sell, sold, and/or imported into the United States the Accused Products.

47. Upon information and belief, Garmin induces infringement of the '168 Patent within the prohibitions of at least 35 U.S.C. § 271(b), including, but not limited to, independent Claim 1 and continues to do so. Upon information and belief, Garmin has been on notice of the '168 Patent prior to the filing of this complaint. Upon information and belief, Garmin has known, or willfully blinded itself to knowing, that providing instructions to its customers about use of the Accused Products would result, and has resulted, in Garmin's customers directly infringing the '168 Patent. Further, upon information and belief, Garmin encourages and facilitates infringement of the '168 Patent by offering and distributing instructions with the Accused Products that encourage using the Accused Products in an infringing manner.

48. Upon information and belief, Garmin contributorily infringes the '168 Patent within the prohibitions of at least 35 U.S.C. § 271(c), including, but not limited to, independent Claim 1 and continues to do so. Among other components of the Accused Products, the linear transducer element with the tilt design constitutes a material part of the invention claimed in the '168 Patent, has no substantial non-infringing uses, and, upon information and belief, is known by Garmin to be especially made or especially adapted for use in infringement of the '168 Patent. Thus, upon information and belief, Garmin has contributed to and continues to contribute to direct infringement of the '168 Patent by Garmin's customers.

49. Upon information and belief, Garmin's infringement of the '168 Patent has been willful and deliberate, despite an objectively high likelihood that its actions constitute infringement of the '168 Patent.

50. Navico has been and will continue to be damaged and irreparably injured unless this Court enjoins Garmin's infringing activities. As a result Navico is entitled to preliminary and permanent injunctive relief as deemed fair and equitable by the court.

**PRAYER FOR RELIEF**

WHEREFORE, Navico respectfully requests that the Court enter judgment against Garmin and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, and grant the following relief:

a. Enter judgment in favor of Navico and against Garmin for direct infringement of the '022 Patent and the '168 Patent;

b. Enter judgment in favor of Navico and against Garmin for induced infringement of the '022 Patent and the '168 Patent;

c. Enter judgment in favor of Navico and against Garmin for contributory infringement of the '022 Patent and the '168 Patent;

d. Enter judgment that Garmin's infringement of the '022 Patent and the '168 Patent was and is willful;

e. Enter judgment in favor of Navico and against Garmin for an amount that will adequately compensate Navico for Garmin's infringement, but under no circumstances an amount less than a reasonable royalty for Garmin's use of Navico's patented inventions, as required by 35 U.S.C. § 284;

f. Enter judgment in favor of Navico and against Garmin pursuant to 35 U.S.C. § 154(d) for reasonable royalties for Garmin's use of Navico's patented inventions after the publications of the applications that issued as the '022 Patent and as the '168 Patent;

g. Enter judgment in favor of Navico and against Garmin for three times the amount of damages pursuant to 35 U.S.C. § 284 because of Garmin's willful infringement of the '022 Patent and the '168 Patent;

h. Enter judgment in favor of Navico and against Garmin for pre-judgment interest on all damages awarded;

i. Enter preliminary and permanent injunctions prohibiting Garmin, its officers, directors, principals, agents, sales representatives, servants, employees, successors, parents,

assigns, affiliates, subsidiaries, and all those acting in concert or participation with them, from further infringement of the '022 Patent and the '168 Patent;

  j. Enter judgment in favor of Navico and against Garmin declaring this case to be exceptional under 35 U.S.C. § 285 and awarding Navico its attorneys' fees and costs pursuant to 35 U.S.C. § 285;

  k. Enter judgment in favor of Navico and against Garmin for Navico's costs of suit; and

  l. Enter judgment granting Navico such other and further relief to which Navico is entitled under law and any other and further relief that this Court or a jury may deem just and proper.

Respectfully submitted,

DATED: March 4, 2016     ALSTON & BIRD LLP

/s/ *Deron R. Dacus*
Deron R. Dacus (TX Bar No. 00790553)
**THE DACUS FIRM**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: 903-705-7233
Facsimile: 903-581-2543
Email: ddacus@dacusfirm.com

Kirk T. Bradley (NC Bar No. 26490)
M. Scott Stevens (NC Bar No. 37828)
**ALSTON & BIRD LLP**
Bank of America Plaza, 101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Telephone: 704-444-1000
Facsimile: 704-444-1111
Email: kirk.bradley@alston.com
Email: scott.stevens@alston.com

Frank G. Smith (GA Bar No. 657550)
**ALSTON & BIRD LLP**
1201 W. Peachtree St.

Atlanta, GA 30309
Email: frank.smith@alston.com

Attorneys for Plaintiffs
Navico, Inc. and Navico Holding AS