**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NAVICO INC. and NAVICO HOLDING AS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:16-cv-00190 |
| | ) | |
| GARMIN INTERNATIONAL, INC. and | ) | JURY TRIAL DEMANDED |
| GARMIN USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**GARMIN'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT**
**<u>REGARDING PRODUCTION OF COMMUNICATIONS WITH THIRD PARTIES</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..........................................................................................ii

BACKGROUND ..................................................................................................... 1

ARGUMENT .......................................................................................................... 3

    A.    Navico Cannot Prove the Communications with Kongsberg Are Work    Product ......... 3

    B.    Navico's Disclosures to Kongsberg Waived Any Potential Work Product ..................... 4

    C.    Garmin Has a Substantial Need for Navico's Communications with Kongsberg ........... 6

    D.    The Requested Communications Are Relevant ............................................................. 7

CONCLUSION ....................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. General Motors Corp.*,
  209 F.3d 1051 (8th Cir. 2000) ...................................................................................6

*Bank of Am. v. Terra Nova Ins.*,
  212 F.R.D. 166 (S.D.N.Y. 2002) ...............................................................................4

*Ecuadorian Plaintiffs v. Chevron Corp.*,
  619 F.3d 373 (5th Cir. 2010) ...............................................................................3, 4

*Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*,
  219 F.R.D. 403 (E.D. Tex. 2003)...............................................................................6

*Fractus, S.A. v. Samsung Elecs. Co., Ltd.*,
  No. 09-cv-00203, 2011 WL 13076782 (E.D. Tex. Jan. 20, 2011) ...........................5

*Ricoh Co., Ltd. v. Aeroflex Inc.*,
  219 F.R.D. 66 (S.D.N.Y. 2003) ............................................................................4, 5

*Smith v. Texaco, Inc.*,
  186 F.R.D. 354 (E.D. Tex. 1999)...............................................................................3

*United States v. Homeward Residential, Inc.*,
  No. 12-cv-461, 2016 WL 1031154 (E.D. Tex. Mar. 15, 2016) ............................3, 7

**Statutes**

Fed. R. Civ. P. 26(b)(3)......................................................................................................6

Fed. R. Civ. P. 37 ...............................................................................................................1

Defendants Garmin International, Inc. and Garmin USA, Inc. (collectively, "Garmin") by and through their undersigned counsel, hereby move, pursuant to Fed. R. Civ. P. 37, for an order compelling Plaintiffs Navico, Inc. and Navico Holding AS (collectively, "Navico") to produce documents evidencing communications between Navico and third party Kongsberg Gruppen ASA, Kongsberg Maritime, or Kongsberg Mesotech Ltd. ("Kongsberg") regarding Garmin, litigation between Navico and Garmin, the asserted patents in this action or previously asserted patents, or Mr. Mark Atherton, a Kongsberg employee (collectively, "Kongsberg Communications").  Navico has refused this discovery of communications with third party Kongsberg on the basis of the materials being protected by work product.  The grounds for this motion are as follows.

## BACKGROUND

The Kongsberg Communications are highly relevant to Garmin's defense of inequitable conduct.[1]  During the prosecution of the '022 patent-in-suit, Navico became aware of material prior art references from Mr. Atherton and his employer, Kongsberg (the "Kongsberg References").  Because Navico did not provide the Kongsberg References to the Patent Office during prosecution of the '022 patent, the Asserted Patents are unenforceable due to the inequitable conduct of Navico representatives and/or agents substantively involved in the preparation or prosecution of the application that issued as the '022 patent.  Specifically, Garmin believes these communications will show that attorneys at the Alston & Bird law firm—the firm which prosecuted the '022 patent—were aware of the significance of the Kongsberg references,

---

[1] A full recitation of the facts surrounding Garmin's need for the Kongsberg Communications was included in Garmin's Answer to Navico's First Amended Complaint at 22 ¶ 7–37 ¶ 55 (D.I. 51).  This Motion includes only the facts most relevant to the relief Garmin seeks.

including in particular that the "linear downscan transducer element" recited in the '022 claims was in fact disclosed in the prior art.

During the Oklahoma Action (*Navico Inc. and Navico Holding AS v. Garmin Int'l, Inc. and Garmin USA, Inc.*, Case No. 14-CV-0303-CVE-TLW, currently pending), Garmin learned of Mr. Atherton's prior art work.  Garmin reached out to Mr. Atherton to discuss his work and the references at issue, and Mr. Atherton agreed to a deposition about his creation of the Kongsberg References and when and whether those references were made public.  Shortly after notifying Navico of the agreed upon deposition date, Kongsberg told Garmin that it would not allow Mr. Atherton to be deposed.  Garmin subsequently filed a motion for an order issuing Letters Rogatory requesting the assistance of the Courts of Canada to obtain Mr. Atherton's testimony.  In connection with the Letters Rogatory request, the Oklahoma court ordered *in camera* review of the communications between Navico and Kongsberg related to Mr. Atherton's deposition. Ex. 1, Nov. 30, 2015 Order, Oklahoma Action at 12 (D.I. 161).  After reviewing these communications, the Oklahoma court ordered the Letters Rogatory.  Ex. 2, Dec. 7, 2015 Order, Oklahoma Action at 1 (D.I. 178).  Additionally, the Oklahoma court stated that it would order Navico to produce the Kongsberg Communications to Garmin if Navico chose to appeal the order.  *Id.* at 2.  The court declined to rule on whether the Kongsberg Communications constituted work product, only noting that the documents "may" be work product.  *Id.*

Navico's active obstruction of Mr. Atherton's deposition suggests that Navico thought Mr. Atherton's testimony could shed light on relevant prior art, which would be fatal to Navico's issued marine patents and the related pending '022 patent.  In Texas, Garmin specifically requested Navico's communications with Kongsberg as Navico's suppression of relevant prior art relates to Garmin's inequitable conduct defense.  Navico refused the discovery,

asserting that these communications are covered by the work product doctrine.  However, its communications with Kongsberg are not protected, and even if they were, Navico has waived any such protection.

## ARGUMENT

The work product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *Smith v. Texaco, Inc.*, 186 F.R.D. 354, 357 (E.D. Tex. 1999).  The work product doctrine "does not extend to the underlying facts relevant to the litigation." *United States v. Homeward Residential, Inc.*, No. 12-cv-461, 2016 WL 1031154, at *3 (E.D. Tex. Mar. 15, 2016).  "A party asserting work-product protection over particular materials must demonstrate: (1) the materials sought are tangible things; (2) the materials sought were prepared in anticipation of litigation or trial; (3) the materials were prepared by or for a party's representative." *Id.* at *2.  If the party is able to show that the materials are covered by work product, the party seeking production must establish: "(1) a substantial need of the privileged materials and (2) an inability to obtain the substantial equivalent of the material through other means without undue hardship." *Id.*  However, work product protection is waived by disclosure to third parties if it "has substantially increased the opportunities for potential adversaries to obtain the information." *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010) (citations omitted).

### A.  Navico Cannot Prove the Communications with Kongsberg Are Work Product

Navico cannot carry its burden to establish that the Kongsberg Communications are subject to work product protection.  Navico's assertions of work product rely on the Oklahoma court's findings in connection with the Letters Rogatory.  However, the Oklahoma court only stated that the communications "<u>may</u>" be subject to work-product protection.  This

does nothing to meet Navico's burden.  The Oklahoma court did not decide that issue, nor did it

need to, as the taking of the Mr. Atherton's deposition was the issue for the Letters Rogatory, not

production of the Kongsberg Communications.

Further, regardless of Navico's position on its own communications with

Kongsberg, anything Kongsberg sent to Navico is discoverable and cannot be subject to any

privileges or protections because those communications would not have been prepared by or for

a party's representative.  Indeed, any responses to Navico would be the responses made by

Kongsberg, a non-party in the Oklahoma Action, and would likely contain information about the

prior art at issue.  *See Ricoh Co., Ltd. v. Aeroflex Inc.*, 219 F.R.D. 66, 69–70 (S.D.N.Y. 2003)

("[I]t is a stretch to apply the attorney work product privilege to documents created by a third

party and then sent to counsel for a party" especially where there is no "confidential relationship

between the sender . . . and the recipient.")  Navico must at least produce the communications it

received from Kongsberg.  *See id.*

## B.     Navico's Disclosures to Kongsberg Waived Any Potential Work Product

Even if Navico could demonstrate that its communications with Kongsberg

constitute work product, Navico's communications with Kongsberg, a third party and potential

witness in the Oklahoma case, waived work product protection.  Work product protection can be

waived by disclosure to third parties if it "has substantially increased the opportunities for

potential adversaries to obtain the information."  *Ecuadorian Plaintiffs*, 619 F.3d at 378

(citations omitted); *see also Bank of Am. v. Terra Nova Ins.*, 212 F.R.D. 166, 170 (S.D.N.Y.

2002) ("One circumstance that is inconsistent with the need for work product protection is when

work product materials are either given to an adversary or used in such a way that they may end

up in the hands of an adversary.").  By communicating with Kongsberg, and disclosing work

product protected information to a third party who was a potential witness in the case, Navico

4

substantially increased the likelihood that its work product would end up in the hands of its adversary. *Ricoh*, 219 F.R.D. at 70–71 ("In this case, the practicalities of litigation suggest that Defendants waived protection for these e-mails under the work product doctrine when counsel shared his observations with a third-party who was likely to be an independent witness.").

Courts have also found that in the context of patent litigation, a defendant waived work product on observations about potential prior art that were shared in email with a third party employee. *See Ricoh*, 219 F.R.D. at 70–71. This sharing "substantially increase[d] the opportunity for a potential adversary to obtain the protected information" because "Defendants could not reasonably expect their communications to remain confidential." *Id.* at 70–71. The *Ricoh* court also observed that "in the context of a patent litigation, where prior art will be highly relevant both to the party asserting the infringement and the party defending the suit, Defendants could not reasonably expect their communications to remain confidential." *Id.* at 71. The court found that if that were the case, "all manner of information in the hands of disinterested third parties could be immunized from discovery" and that counsel "might even have an incentive to get arguably privileged information into the hands of a significant third party so as to limit an opponent's discovery on a critical issue." *Id.* Such is the case here and Navico cannot expect that its communications related to the Kongsberg References with a disinterested third party would remain protected by work product.

An expectation of confidentiality can factor into whether disclosure to a third party waived work product protection. *See Fractus, S.A. v. Samsung Elecs. Co., Ltd.*, No. 09-cv-00203, 2011 WL 13076782, at *2 (E.D. Tex. Jan. 20, 2011). However, here there could be no expectation of confidentiality by Navico because Kongsberg is an independent company and a potential witness in the Oklahoma Action.

Additionally, some courts in this District have held that work product protection is waived by disclosure to a third party without whom the disclosing party shares a common interest.  *See, e.g.*, *Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 219 F.R.D. 403, 405 (E.D. Tex. 2003) ("Plaintiffs must also establish that the common interest doctrine applies to this case and protects the documents Plaintiffs sent to [the third party]."ded).  Kongsberg is a third party company, not aligned with Navico, and does not share a common interest.  Under this test the work product protection would likewise be waived by Navico's disclosures to Kongsberg.  *See id.* at 407–08.

### C.    Garmin Has a Substantial Need for Navico's Communications with Kongsberg

As a third independent basis for compelling the discovery, materials subject to the work product doctrine may be discoverable upon a showing that the party seeking discovery has "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3); *see also Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000).  As already explained, Garmin has a substantial need for the materials in the preparation of its inequitable conduct defense, as it cannot obtain the substantial equivalent to them by other means.  The Oklahoma court recognized that Garmin could not acquire these materials through other means when it stated that the Kongsberg communications "contain information that [Garmin] cannot otherwise obtain."  Ex. 2, Dec. 7, 2015 Order, Oklahoma Action at 2 (D.I. 178).  The only other way to obtain any similar information is through the third-party deposition of Kongsberg, which creates substantially more hardship than Navico simply producing communications it has in its possession that contain relevant information.  And this information could not have been obtained

during the deposition of Mr. Atherton because, as Navico has already stated, the communications were not relevant as to the Oklahoma Action.

### D.     The Requested Communications Are Relevant

To the extent Navico argues that the requested communications are not discoverable because they are not relevant, Navico is wrong.  While the Oklahoma court found that the Kongsberg Communications were not otherwise relevant or discoverable, *see* Ex. 2, Dec. 7, 2015 Order, Oklahoma Action at 2 (D.I. 178), the facts and defenses were different.  Indeed, the Oklahoma case involved different (though related) patents, and inequitable conduct was not an asserted defense.  Here, the communications are relevant to Navico's impressions of the Kongsberg References, whether Navico believed those references to be relevant to its pending patent application, and whether Navico suppressed discovery of information that could be considered relevant to issuance of the '022.  Moreover the facts underlying those communications are relevant, to show the level of interference that Navico had with the Atherton deposition, and would not be protected by work product.  *See Homeward Residential, Inc.*, 2016 WL 1031154, at *3.  Garmin believes that Navico has waived work product protection on all the Kongsberg Communications, but at a minimum, the facts surrounding those communications should be produced as those would not be protected by work product.

## CONCLUSION

For the foregoing reasons, Garmin respectfully requests that an order be entered compelling Navico to produce all documents regarding Navico's communications with Kongsberg for the reason that those communications are relevant to Garmin's defenses in this action, that Navico's communications with Kongsberg are not work product, and that any potential work product privilege was waived by Navico sharing work product information with Kongsberg.

7

Dated:  April 28, 2017                    Respectfully Submitted,


*/s/ Nicholas Groombridge w/permission Andrea*
*Fair*
Nicholas Groombridge
LEAD ATTORNEY
Jennifer H. Wu
Jennifer D. Cieluch
**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000 (telephone)
(212) 757-3990 (facsimile)
ngroombridge@paulweiss.com
jwu@paulweiss.com
jcieluch@paulweiss.com

David J. Ball
David K. Stark
**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
(202) 223-7300 (telephone)
(202) 223-7420 (facsimile)
dball@paulweiss.com
dstark@paulweiss.com

T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
P.O. Box 1231
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Defendants Garmin International, Inc.*
*and Garmin USA, Inc.*

8

## CERTIFICATE OF COFERENCE

I hereby certify that, in accordance with Local Rule CV-7(h)-(i), on April 27, 2017, Nicholas Groombridge, David Ball, Jennifer Cieluch, Jennifer Wu, David Stark and Andrea Fair for Defendant, conferred by telephone with Scott Stevens, Kirk Bradley, Chris Ziegler, Linda Chang and Peter Kerr for Plaintiff.  The parties were unable to reach an agreement, resulting in an impasse.

*/s/ Nicholas Groombridge*
Nicholas Groombridge – Lead Counsel


*/s/ Andrea Fair*
Andrea Fair – Local Counsel


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 28th day of April, 2017.

/s/ *Andrea Fair*
 Andrea Fair