**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NAVICO INC. and NAVICO HOLDING AS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | NO. 2:16-CV-00190-JRG-RSP |
| GARMIN INTERNATIONAL, INC. and GARMIN USA, INC., | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

In this patent infringement case, the Court now considers Garmin's Opposed Motion for Leave to Serve the Supplemental Expert Report of Curtis W. Rose [Dkt. # 106]. Having reviewed the motion and Navico's Response [Dkt. # 122], the Court will **GRANT** the motion.

## I.    BACKGROUND

On May 1, 2017, Garmin served the Investigative and Forensic Analysis Report of Curtis W. Rose. The report analyzed five computer files from Kongsberg Mesotech Ltd. and Mark Atherton to determine the dates on which those files were created and published. Garmin contends the files are printed publications, and thus potentially prior art relevant to validity of the asserted patents.

On May 22, 2017, Navico deposed Rose about potential modification of the files.

Rose Dep. [Dkt. # 106-1] at 1. More specifically, the questions related to whether the files could have been modified after Garmin's counsel received them from Atherton. *Id.* at 65:8–70:1; 73:25–74:6. Eventually, it became clear Rose had not confirmed the files he analyzed were identical to the files provided by Atherton to Garmin's counsel. *Id.* at 90:7–107:6.

During a break, Rose suggested to Garmin's counsel a way to verify the files analyzed in his report were identical to the files Garmin's counsel received from Atherton. *See id.* at 70:18–74:17. Rose later performed the suggested analysis and then disclosed the results on the record: Three of the four files were exact matches, but the fourth file was not. *See id.* at 94:3–98:3.

After the deposition, Rose investigated the discrepancy concerning the fourth file. Rose and his employer determined an automated email process inadvertently removed metadata from the file Rose analyzed during the deposition break. But the file Rose analyzed for his report came from a different email and did not have this issue.

During the next few days, Rose prepared his Supplemental Report addressing his findings. Garmin served the Supplemental Report on May 26, 2017—the close of expert discovery and four days after Rose's deposition. *See* S. Milorava Email (May 26, 2017) [Dkt. # 106-3]. Navico objected, so Garmin now seeks leave to serve the Supplemental Report.

## II. APPLICABLE LAW

Fed. R. Civ. P. 26(e) requires a party who has made a disclosure under Rule 26(a) to supplement or correct its disclosure or response in a timely manner. Fed. R. Civ. P.

26(e)(1). For experts, the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Fed. R. Civ. P. 26(e)(2). Any additions or changes to this information must be disclosed by the time for pretrial disclosures. *Id.* The rule's basic purpose is "preventing prejudice or surprise," *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994), and failure to provide information as required by Rule 26(a) or (e) may result in the court barring the party from using that information "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The decision of whether a failure is justified or harmless is committed to the district court's sound discretion. *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 375 (5th Cir. 2004). In exercising that discretion, courts typically consider (1) the explanation by the party who failed to comply with the scheduling order; (2) the prejudice to the party opposing the designation; (3) the possibility of curing any prejudice with a continuance; and (4) the importance of the witness's testimony. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563–64 (5th Cir. 2004).

## III. DISCUSSION

### A. Garmin's Explanation for Failing to Comply with the Scheduling Order

Navico argues Garmin gives no rational explanation why Rose—a forensics expert who purportedly has specific expertise in file analysis—failed to confirm the files he analyzed were identical to those provided by Atherton. Navico's Resp. [Dkt. # 121] at 4. After all, says Navico, the files had been available to Rose since 2015, when Garmin's

counsel initially received them from Atherton. *Id.*

Garmin's explanation is implicit from the events giving rise to its motion. Clearly, Rose did not think it necessary to ensure the files he received *from* Gamin's counsel were the same as those Atherton provided *to* Garmin's counsel. Navico's questions exposed that potential hole in his analysis. While Rose and Garmin arguably should have anticipated the issue, this is not a case where they had considered and yet intentionally ignored it. Accordingly, the Court finds this a neutral consideration in its analysis.

**B.    Prejudice to Navico and the Possibility of Curing Such Prejudice**

Navico argues it would be highly prejudicial to allow Rose to supplement his report given his now-completed deposition. Navico's Resp. [Dkt. # 121] at 4–5. Moreover, Navico claims a continuance would not cure the prejudice because discovery has closed and dispositive motions and motions to strike have been filed. *Id.*

The Court finds otherwise, and this factor weighs in favor of leave, for a number of reasons. First, at the end of the deposition, Navico's counsel clearly indicated Navico considered the matter open for further examination. Rose Dep. [Dkt. # 106-1] at 107:9–23. Second, Garmin served Rose's Supplemental Report within a week of Rose's deposition, Garmin's Mot. [Dkt. # 106] at 3, so Navico can hardly complain of surprise. Third, Garmin is willing to produce Rose for examination on his Supplemental Report. *Id.* at 3–4. Fourth, Navico has ample time before trial to conduct a deposition of Rose concerning his Supplemental Report, which is short and narrow in scope, without the need for a continuance. *See* Am. Docket Control Order [Dkt. # 146] (scheduling pretrial disclosures for June 27, the

pretrial conference for August 8, and jury selection for September 5, 2017). If Navico wants to supplement any applicable rebuttal report, dispositive motion, or motion to strike based on Rose's Supplemental Report and any additional deposition, the Court will give appropriate leeway to do so.

### C.    The Importance of Rose's Testimony

Navico argues Rose's Supplemental Report is not sufficiently important to justify leave, Navico's Resp. [Dkt. # 121] at 5, but the Court disagrees and weighs this factor in favor of leave. The thrust of Rose's report relates to the files' creation and publication dates, which are important to whether the files can be considered prior art. Thus, Rose's testimony is important as to whether the factfinder can reliably consider the files as part of any validity analysis.

## IV.    CONCLUSION AND ORDER

The balance of the considerations weighs in favor of leave. Therefore, the Court **GRANTS** Garmin's Opposed Motion for Leave to Serve the Supplemental Expert Report of Curtis W. Rose [Dkt. # 106].

**SIGNED this 4th day of July, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE