IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NAVICO, INC. and NAVICO HOLDING AS<br>  *Plaintiffs*,<br>v.<br><br>GARMIN INTERNATIONAL, INC. and GARMIN USA, INC.<br>  *Defendants*. | § § § § § § § § § § § | Civil Action No. 2:16-CV-190 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss for Improper Venue, or Alternatively to Transfer Venue to the District of Kansas Pursuant to 28 U.S.C. § 1406 (Dkt. No. 132) ("the Motion"). Having considered the Parties' arguments, the Court **DENIES** the Motion.

**I. BACKGROUND**

Plaintiffs Navico, Inc. and Navico Holding AS (collectively "Navico") filed the instant suit against Defendants Garmin International, Inc. and Garmin USA, Inc. (collectively "Garmin") on March 4, 2016 alleging infringement of U.S. Patent No. 9,223,022 ("the '022 Patent") and U.S. Patent No. 9,244,168 ("the '168 Patent"). (Dkt. No. 1.) Garmin filed its Answer to Plaintiffs' Complaint, in which it admitted that venue was proper in the Eastern District of Texas, on April 1, 2016. (Dkt. No. 8 at ¶ 12 ("Garmin admits that venue is proper in this judicial district . . . .").)

Plaintiffs filed an Amended Complaint on November 18, 2016. (Dkt. No. 50.) Garmin then filed an Answer to this Amended Complaint, in which it again admitted that venue was proper in the Eastern District of Texas, on December 2, 2016. (Dkt. No. 51 at ¶ 12.)

After Garmin admitted, for the second time, that venue was proper in the Eastern District

of Texas, the case proceeded through claim construction, (Dkt. Nos. 55, 57, 68), as well as substantial motion practice. However, on June 21, 2017, Garmin filed the instant Motion seeking to dismiss this case for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer it to the District of Kansas pursuant to § 1406. (Dkt. No. 132.)

## II.  LEGAL STANDARD

### A. Applicable Law

Generally, the Court of Appeals for the Federal Circuit applies "the law of the regional circuit to the procedural question of waiver." *Riverwood Int'l Corp. v. R.A. Jones & Co.*, 324 F.3d 1346, 1352 (Fed. Cir. 2003); *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1376 (Fed. Cir. 2005) ("Regional circuit law governs the question of waiver of a defense."). However, the Federal Circuit has applied its own law in certain cases where the underlying argument found to have been waived was unique to patent law. *See, e.g., Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1307 (Fed. Cir. 2005) (applying Federal Circuit law in assessing whether objections to personal jurisdiction were waived). In *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241 (Fed. Cir. 2005), for example, now-Chief Judge Prost explained this approach in the context of deciding whether a claim construction argument had been waived:

> Waiver is a procedural issue, but if one views the issue more narrowly as 'waiver of a claim construction argument,' rather than the more general 'waiver of an appellate argument,' it seems indisputably unique to patent law. In our estimation, the narrower of these two views is more appropriate.

417 F.3d at 1250. In light of *Rates Tech.* and *Harris*, the Court is persuaded that the appropriate view of the issue here is whether Defendants have waived their objections to venue based on § 1400(b). Any determination of venue in light of § 1400(b) is necessarily unique to patent law because the statute itself is unique to patent law. 28 U.S.C. § 1400(b) ("Any civil action for patent infringement . . . ."). *See also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct.

2

1514, 1519 (2017) (holding that § 1400(b) "'is the sole and exclusive provision controlling venue in patent infringement actions.'" (quoting *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 229 (1957))). Therefore, Federal Circuit law should control whether an objection to venue based on § 1400(b) has been waived. *But see Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15CV21, 2017 WL 2556679, at *2 (E.D. Va. June 7, 2017) (Fourth Circuit law applies because waiver is not unique to patent law); *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *2 (S.D. Cal. July 5, 2017) (discussing Ninth Circuit law, but not addressing the question of whether Ninth Circuit law controls). Notwithstanding the above, applying *either* Fifth Circuit or Federal Circuit law compels the conclusion that Garmin has waived its objection to venue. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167–68 (1939) (concluding that the right to object to venue can be waived "by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct").

**B. Applicable Standard**

Under Federal Rule of Civil Procedure 12(h)(1), a defendant may waive the affirmative defense of improper venue under three circumstances. Fed. R. Civ. P. 12(h)(1); *Biomedical Patent Mgmt. Corp. v. California, Dep't of Health Servs.*, 505 F.3d 1328, 1340 (Fed. Cir. 2007) ([V]enue . . . is, of course, a waivable defense."). First, an objection to venue may be waived by failing to make a motion under Federal Rule of Civil Procedure 12. Fed. R. Civ. P. 12(h)(1)(B)(i). Second, it may be waived by failing to object "in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(B)(ii). Finally, it may be waived by making a motion under Federal Rule of Civil Procedure 12 without also objecting to venue. Fed. R. Civ. P. 12(h)(1)(A); Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule

raising a defense or objection that was available to the party but omitted from its earlier motion.").

Courts have also found that a defendant may waive an objection to venue by litigating a case without contesting venue. *See, e.g., Infogation*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *3 (finding waiver where a defendant "litigated the consolidated action . . . for approximately a year, including by serving invalidity contentions . . . and participating in claim construction . . . ."). This follows from the general rule that an affirmative defense, such as an objection to venue, may be waived "by actively litigating [a] suit." *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 882 (Fed. Cir. 1997) ("A defendant may waive such affirmative defenses by actively litigating the suit, even where the defenses are properly included in the defendant's answer.").

## III. DISCUSSION

Plaintiffs argue that Garmin "unquestionably waived the venue argument it now presents" because Defendants admitted twice (and at separate times) that venue was proper in the Eastern District of Texas and failed to contest venue until two months before trial. (Dkt. No. 160 at 3–4.) The Court agrees with Plaintiffs. Defendants litigated this case through claim construction and engaged in substantial motion practice without objecting to venue. Numerous courts, even after *TC Heartland*, have held that this type of conduct constitutes waiver. *See, e.g., Infogation*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *1; *Restoration Hardware, Inc. v. Haynes Furniture Co. Inc.*, No. 16 C 10665, 2017 WL 2152438, at *2 (N.D. Ill. May 17, 2017) ("Defendants gave every indication to Plaintiffs and this Court that they were defending the case on the merits here . . . [and therefore] waived and/or forfeited their argument that venue is improper . . . .").

Garmin responds that *TC Heartland* excuses its unmistakable waiver because the Supreme Court gave rise to a "new defense" that was not previously available and therefore could not have

4

been asserted. *See, e.g.,* (Dkt. No. 132 at 3 ("*TC Heartland* permitted Garmin to assert a new defense under Rule 12(b)(3) that was not previously available."); Dkt. No. 132 at 3 ("Garmin could not plead an improper venue defense under the Federal Circuit's controlling decision in *VE Holding* . . . .").) However, as a majority of courts have recognized and this Court now holds, *TC Heartland* was not an intervening change in the law. *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-CV-21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017) ("*TC Heartland* does not qualify for the intervening law exception to waiver because it merely affirms the viability of *Fourco*."); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-00037, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017) ("[T]he Supreme Court's decision in *TC Heartland* does not qualify [as a change in law]."); *Chamberlain Group, Inc. v. Techtronic Industries Co. et al.*, No. 1:16-cv-6097, at 3 (N.D. Ill. June 28, 2017) ("[T]he Court follows *Elbit* and *Cobalt Boats* . . . in finding that *TC Heartland* did not represent a change in the law that would excuse waiver under these circumstances."); *iLife Techs. Inc. v. Nintendo of America, Inc.*, No. 3:13-cv-4987, 2017 WL 2778006, at *7 (N.D. Tex. June 27, 2017) ("*TC Heartland* does not qualify as an intervening change in law."); *Amax, Inc. v. ACCO Brands Corp.*, No. CV 16-10695-NMG, 2017 WL 2818986, at *3 (D. Mass. June 29, 2017) (same); *Infogation*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *4 (same). In fact, the Supreme Court itself expressly rejected the notion that venue law in patent cases changed after *Fourco*. *TC Heartland*, 137 S. Ct. at 1520.

Defendants' reliance on *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014) (finding no waiver of personal jurisdiction because *Daimler* was an intervening change in law) is misplaced. First, *Gucci* does not control in this case. Second, *Gucci* did not address waiver under Federal Rule of Civil Procedure 12. *Id.* at 135–36 n.14 ("[W]e note that the waiver provisions of that rule are inapplicable . . . ."). Finally, the unique posture of *TC Heartland* cautions against

5

analogizing to cases in which courts sometimes allow litigants to raise new arguments after the Supreme Court divines a previously unannounced rule or standard. Defendants here could have relied on "definitive[] and unambiguous[]" Supreme Court precedent in raising their argument. *TC Heartland*, 137 S. Ct. at 1520 (describing the rule announced in *Fourco*). *See also Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, [courts] should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."). As Defendants acknowledge, other litigants did exactly that. (Dkt. No. 132 at 5–6 (citing several cases).) For more than fifteen months, however, Defendants raised no similar objection, but all the while continued to actively litigate before this Court within the clear context of its two previous admissions as to proper venue.

Ultimately, the Court concludes that Defendants waived their present objection to venue by twice admitting venue was proper in the Eastern District of Texas and by continuing to litigate in this case without raising any objection to venue until two months before trial was set to begin. *See Neirbo*, 308 U.S. 167–68 (1939) (concluding that the right to object to venue "may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct"). Further, the Court concludes that because *TC Heartland* does not qualify as an intervening change of law, this waiver is not excused.

## IV. CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss or, in the alternative, to transfer (Dkt. No. 132) is **DENIED**.

**So ORDERED and SIGNED this 11th day of July, 2017.**

                                            RODNEY GILSTRAP
                                            UNITED STATES DISTRICT JUDGE