# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| NAVICO INC. and NAVICO HOLDING AS, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | No. 2:16-CV-00190-JRG-RSP |
| GARMIN INTERNATIONAL, INC. and GARMIN USA, INC., | § § § § | |
| Defendants. | § | |

## ORDER

The above entitled and numbered civil action was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636. Now before the Court is the Report and Recommendation (Dkt. No. 200) by Magistrate Judge Payne, which recommends that Garmin's Motion for Partial Summary Judgment (Dkt. No. 165) be denied. Garmin has objected to the Report and Recommendation. Garmin's Objs. (Dkt. No. 209).

Garmin's objections rely on *Powertech Tech. Inc. v. Tessera, Inc.*, 660 F.3d 1301 (Fed. Cir. 2011). In *Powertech*, the Federal Circuit first noted its prior holding that "sales authorized under a license do not become unauthorized or infringing sales because a licensee subsequently delays royalty payments due under that license." *Powertech Tech.*, 660 F.3d at 1308 (quoting *Tessera, Inc. v. ITC*, 66 F.3d 1357, 1370 (Fed. Cir. 2011). The court then vacated the district court's dismissal on jurisdictional grounds and remanded with instructions to apply that holding.

This case is distinguishable from *Powertech* because neither *Garmin Int'l v. ITC*, No. 2016-1572, 2017 WL 2558175 (Fed. Cir. June 13, 2017), nor *Navico Inc. v. ITC*, No. 2016-1533, 2017

WL 2558168 (Fed. Cir. June 13, 2017), have a legal holding applicable to the patents asserted in this case. Rather, the Federal Circuit reviewed the ITC's findings and conclusions as to obviousness concerning Navico's U.S. Patents 8,305,840 and 8,605,550. While the appellate court held certain claims of those patents obvious based on the combination of two prior art references also at issue here (Tucker and Betts), *Garmin*, 2017 WL 2558175, at *6, the '840 Patent and '550 Patent are not at issue in this case. Moreover, the appellate court did not hold there was a motivation to combine Tucker and Betts as a matter of law, but rather that there was substantial evidence to support the ITC's finding of such a motivation. *Navico*, 2017 2558168, at *6 ("There was substantial evidence to find such a motivation.").

Having considered the Report and Garmin's objections, the Court concludes Magistrate Judge Payne's Report and Recommendation is correct. **IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. No. 200) is hereby **ADOPTED**. Garmin's Motion for Partial Summary Judgment (Dkt. No. 165) is **DENIED**.

**So ORDERED and SIGNED this 6th day of September, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE